United States District Court
District of Massachusetts

| | |
|---|---|
| Manoel Flor Gomes,          ) | |
| )   | |
| Plaintiff,          ) | |
| )   | |
| v.          ) | |
| )   | Civil Action No. |
| Yolanda Smith,          ) | 18-cv-12284-NMG |
| )   | |
| Defendant.          ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Petitioner is a detained unlawful resident who seeks habeas corpus relief. Pending before the Court are respondent's motion to dismiss for lack of jurisdiction (Docket No. 14) and petitioner's motion for leave to file an amended writ of habeas corpus (Docket No. 16).

## I. Background

Manoel Flor Gomes ("petitioner" or "Gomes") unlawfully entered the United States from Brazil and has resided here for approximately 13 years. In 2005, Immigration and Customs Enforcement ("ICE") arrested Gomes during a workplace raid, released him and gave him notice of his removal hearing. That written notice did not indicate the date and time of his removal hearing and petitioner did not provide an updated address to the

- 1 -

government as instructed. As a result, Gomes did not appear at his removal hearing and was removed in absentia by the Immigration Judge ("IJ") in September, 2005.

Unaware of his removal status, Gomes continued to work and live in the United States. He married Delia Jara ("Jara"), a lawful permanent resident who is now eligible for U.S. citizenship. Gomes has helped raise Jara's children as his own and together, he and Jara have a newborn baby.

In 2017, Gomes sought lawful status and his wife filed a petition for permanent residence on his behalf. Her petition requires a waiver of inadmissibility, which is precluded by petitioner's outstanding removal order from 2005. Consequently, Gomes moved to reopen his immigration proceedings in August, 2018. The IJ denied the motion to reopen in September, 2018, and petitioner was taken into custody the following month. He appealed the denial of his motion to reopen and sought a stay of removal with the Board of Immigration Appeals ("BIA"). The BIA denied his motion to stay removal in October, 2018.

Petitioner filed a writ of habeas corpus in this Court in November, 2018. In January, 2019, the government submitted notice to this Court that petitioner would be removed from the United States sometime in January, 2019. In order to preserve this Court's jurisdiction over the matter, this Court stayed petitioner's removal until further notice. The government

subsequently filed a motion to dismiss for lack of jurisdiction (Docket No. 14), which petitioner opposes. Petitioner then filed a motion for leave to file an amended writ of habeas corpus (Docket No. 16), which the government opposes.

In March, 2019, the BIA remanded petitioner's motion to reopen to the IJ and directed the IJ to prepare a full decision containing the necessary findings of facts and conclusions of law and to adjudicate the motion to reopen.

This Court held a hearing on the government's motion to dismiss on May 7, 2019. At the hearing, counsel informed the Court that the IJ had reissued his opinion on removal and that petitioner now has two appeals pending with the BIA.

## II. Legal Analysis

### A. Government's Motion to Dismiss (Docket No. 14)

#### 1. Jurisdiction

The government argues that this Court lacks jurisdiction over petitioner's removal order because the Immigration and Nationality Act ("INA") was amended by the Real ID Act of 2005 to vest jurisdiction as to removal orders exclusively within the United States Circuit Courts of Appeals. 8 U.S.C. § 1252(g); Ishak v. Gonzales, 422 F.3d 22, 28-29 (1st Cir. 2005).

Petitioner rejoins that this Court has jurisdiction because he is not challenging the validity of his removal order but rather seeks a writ of habeas corpus to preserve his underlying

- 3 -

claims for relief, namely waiver of inadmissibility, cancellation of removal and relief under the Conventions Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). To that effect, petitioner concedes that the motion to reopen process is a constitutionally adequate substitute to habeas relief but that, as applied, he would be subject to removal without the ability to seek the aforementioned relief. In support of his claim, Gomes proffers that he has articulated a colorable claim for asylum and cites the recent decision in Devitri v. Cronen, 289 F. Supp. 3d 287 (D. Mass. 2018).

The Court is fully aware of the cited opinion, but unlike the petitioners in Devitri v. Cronen, Gomes has filed a motion to reopen and has, as counsel represents, raised his claim for asylum with the BIA. Cf. id. at 294. Thus, in contrast to the petitioners in Devitri, who had yet to file their motions to reopen on the basis of asylum and were subject to removal prior to administrative adjudication, Gomes has an opportunity to raise his asylum claim through the administrative proceedings and can seek a stay from the BIA and/or the First Circuit Court of Appeals ("First Circuit"). Cf. id. at 295 (finding that the BIA statutory framework violated the Suspension Clause, as applied, because petitioners would not have a meaningful

opportunity to adjudicate their motion to stay prior to removal to a country in which they have a credible fear of persecution).

Thus, this Court finds that the Devitri decision does not provide support for petitioner's argument that this Court has subject matter jurisdiction to adjudicate petitioner's newly-raised asylum claim.

**2. Due Process Claims**

    **a. Detention Pending Removal**

Petitioner also claims habeas relief on the grounds that his detention is unlawful. The government argues that petitioner's detention has not been unlawfully extended in violation of the Due Process Clause because, although the 90-day removal period has expired, the six-month period after the 90-day removal period has not yet run. Zadvydas v. Davis, 533 U.S. 678, 697 (2001) (finding that petitioner's detention pending removal while pursuing his appeal is permissible under the INA and Constitution if within a six-month presumption). Moreover, the government argues that Zadvydas applies only if there is no significant likelihood of removal in the reasonably foreseeable future and that but for this Court's recent stay of removal, petitioner would have already been removed.

Petitioner responds that Zadvydas created a six-month presumption of reasonable detention so long as the detention is free of procedural defects and is reasonably related to removal

or public safety.  He contends that ICE did not comply with procedural safeguards when it failed to give notice of petitioner's custody review to his attorney of record.

Notwithstanding that alleged failure by ICE (which the government vigorously contests), the Court finds that petitioner's detention claim under the Due Process Clause is moot because (again), but for this Court's stay of removal, petitioner would have already been removed.  As such, removal is "imminent" and the implication of reasonable detention under Zadvydas is inapposite.

Accordingly, the Court finds that petitioner has no cognizable Due Process claim with respect to his current detention.

### b. Right to Remain in the United States During Adjustment of Status

Finally, the government submits that petitioner has received due process and that 1) he is not entitled to an adjustment of status because a final order for removal has been entered and 2) he has cited no proposition whereby he has a due process right to remain in the United States while pursuing relief for which he is ineligible.  Moreover, the government submits that petitioner has no cognizable liberty interest in remaining in the United States because the First Circuit has

held that discretionary relief does not create a cognizable liberty interest.

Petitioner rejoins that he is entitled to remain in the country while pursuing his underlying relief of lawful status via 1) a provisional unlawful presence waiver, 2) cancellation of removal (pursuant to 8 U.S.C. § 1229b(b)) and 3) withholding of removal pursuant to CAT.

In essence, all three forms of relief that petitioner seeks emanate from his removal proceedings and thus he has no Due Process right to remain in the United States while his administrative claims are adjudicated. 8 U.S.C. § 1252(g); see also Mejia-Orellana v. Gonzales, 502 F.3d 13, 17 (1st Cir. 2007) (finding that the statute governing cancellation of removal, 8 U.S.C. § 1229b(a), is discretionary and thus does not create a cognizable liberty interest); see also Lemus v. Sessions, 900 F.3d 15, 18-19 (1st Cir. 2018) (holding that the BIA's exercise of its "purely discretionary" sua sponte authority not to reopen removal proceedings "does not create a cognizable liberty interest").

The Court concludes that petitioner has not alleged facts sufficient to establish a Due Process claim to remain in the United States during the pendency of his administrative proceedings.

### 3. Conclusion

The facts of petitioner's case are compelling: but for his initial unlawful entry into the United States, Gomes has been a productive member of society and apparently a loving father to his family. It seems unfair that his detention and potential removal come on the heels of his attempt to obtain lawful residency. This Court is not, however, entitled to amend the law where Congress has clearly spoken. Here, petitioner's habeas claims are part and parcel to his challenge to removal. As such, this Court lacks jurisdiction to adjudicate his transmuted habeas claims. As such, the government's motion to dismiss will be allowed.

### B. Motion for leave to file amended writ of habeas corpus (Docket No. 16)

In light of the Court's reasoning that the petition for habeas corpus will be dismissed for lack of subject matter jurisdiction, petitioner's motion for leave to file amended writ of habeas corpus will be denied as moot.

**ORDER**

For the foregoing reasons, the government's motion to dismiss for lack of jurisdiction (Docket No. 14) is **ALLOWED** and the removal of petitioner is no longer stayed.  Petitioner's motion for leave to file an amended writ of habeas corpus (Docket No. 16) is **DENIED as moot**.

**So ordered.**

_/s/ Nathaniel M. Gorton___
Nathaniel M. Gorton
United States District Judge

Dated May 23, 2019